## LOUISVILLE & N. R. CO. v. RILEY et.

Ohio Appeals, 1st Dist., Hamilton Co.

Freiberg, Avery & Simmonds, Cincinnati, for Rd. Co.

Hightower, O'Brien & Porter, Cincinnati, for Riley et.

**260. COMMON CARRIERS.**

1. Carrier owes same duty, during 48 hours free unloading time, as though goods were in transit.

2. Where shipper, by express stipulation, undertakes to ventilate car, carrier relieved of responsibility as to ventilation unless committing some overt act, causing damage.

**1265. WEIGHT OF EVIDENCE—396. Directed Verdicts.**

Evidence as to liability of carrier for damage to bananas, after same were placed for unloading. Held insufficient to go to jury.

**225. CHARGE OF COURT.**

Where carrier was not chargeable under express conditions of bill of lading with ventilation of car, charge as to carrier's liability for act or omission, held erroneous.

BUCHWALTER, J.

Where carload of bananas, arriving at destination on Saturday, were retained in carrier's possession until following Monday morning, which period was within the 48-hour free time for unloading authorized under bill of lading, carrier during such period owed the same duty in respect to shipment as though it was still in transit.

Carrier is responsible for the safe carriage of goods only when having exclusive possession and control thereof, and, when shipper by express stipulation undertakes to ventilate car, carrier is relieved of all responsibility as to ventilation, unless committing some overt act, causing damage.

In action to recover against carrier for damages to carload of bananas shipped pursuant to bill of lading providing for ventilation or icing instructions by messenger or on special instructions, evidence as to liability of carrier for such damage, occurring after bananas were placed for unloading, held insufficient for jury.

In action to recover against carrier for damage to carload of bananas, instruction relative to carrier's liability for any act of omission or commission directly contributing to damage held erroneous, in view of fact that carrier was not chargeable under express conditions of bill of lading with ventilation of car, which was the only cause given for deterioration of bananas.

(Hamilton, PJ., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## BRIGGS v. HUTSON et.

Ohio Appeals, 2nd Dist., Fayette Co.

Decided Dec. 20, 1927.

Williams, Sinks, Gearheart & Williams, Columbus; Gregg & Patton, Washington C. H., and Horace Kerr, Columbus, for plaintiff Briggs and defendant Allen.

Vorys, Sater, Seymour & Pease, Columbus; John P. Phillips, Chillicothe, and John Logan, Washington C. H., for defendant Huston.

Bush & Clyburn, Washington C. H., for Fayette Co. Bk., Washington Sav. Bk and Larrimer.

F. G. Carpenter, Washington C. H., for Peoples' Bk. of Bloomingburg.

W. S. Paxson, Washington C. H., for Stewart.

Maddox & Maddox, Washington C. H., for Waples.

**547. FORGERY—146. Bills, Notes and Checks—995. Ratification—475. Estoppel.**

1. Attempted ratification of forged signature to promissory note does not create liability. Party whose name is forged, may, by agreement, become liable, or may, by acts and conduct, be estopped to deny liability.

2. When person whose name has been forged, makes valid agreement that judgment may be entered upon said note, he cannot, later, by suit in equity, attack such judgment upon ground that his name upon such note was forgery.

BY THE COURT.

1. Although the attempted ratification of a forged signature to a promissory note does not create a liability, the party whose name is forged may, by an agreement and for a consideration, become liable to perform the obligations of the note, or he may, by his acts and conduct, be estopped to deny his liability.

2. When a person whose name has been forged to a cognovit note agrees, for a consideration, that a judgment may be entered upon said note, and authorizes his attorney to appear in a court of competent jurisdiction at the time judgment is so entered, to see that such judgment is entered in accordance with such agreement, and such attorney does appear in open court in pursuance of such authority, after a petition has been filed upon said note invoking the jurisdiction of such court, and the agreed judgment is so entered, and the agreement is carried out by the judgment creditor, such person cannot later, by a suit in equity, attack such judgment upon the ground that his name upon such note is a forgery, and that, therefore, the court in which judgment was entered did not acquire jurisdiction of his person and did not have authority to enter such judgment against him.

(Washburn, PJ., Funk and Pardee, JJ., concur. Judges of the 9th Dist., sitting in place of Judges Ferneding, Kunkle and Allread, of the 2nd Dist.)